UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JERRY DONALD SHAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00269-WTL-MJD |
| ) | |
| PUTNAMVILLE CORRECTIONAL FACILITY, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Motion to Proceed *in forma pauperis*,
Screening Complaint, and Directing Further Proceedings**

**I. Motion to Proceed *in forma pauperis***

The plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 2, is **granted** to the extent that the plaintiff is assessed an initial partial filing fee of $10.14. The plaintiff shall have **through July 14, 2018**, in which to pay this sum to the clerk of the district court.

Notwithstanding the foregoing ruling, the plaintiff still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies

the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. Discussion

The plaintiff alleges that at 10:45 p.m. on the night of March 28th, another inmate flooded his range in the segregated housing unit. Prison officials turned the water off to resolve the issue. According to the plaintiff, officers are supposed to provide water every four hours to allow inmates to drink and flush the toilet and did not do so. This happened again on April 10th at 5:30 p.m. This time the water was shut off for at least seven hours.

Based upon the above screening standard, the complaint must be **dismissed**. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The plaintiff's claims based on the conditions of his confinement arise under the Eighth Amendment to the United States Constitution. In order to violate the Constitution, deprivations must be "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Mere discomfort and inconvenience do not implicate the Constitution. *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir.1986). It is well-settled that conditions which are temporary and do not result in physical harm are not actionable under the Eighth Amendment. *Jihad v. Wright*, 124 F.3d 204 (7th Cir. 1997) (citing *Harris v. Fleming*, 839 F.3d 1232, 1235 (7th Cir. 1988); *Johnson v. Pelker*, 891 F.2d 136, 138-39 (7th Cir.1989)).

Here, the plaintiff has not alleged sufficient conditions to state a claim that his Eighth Amendment rights have been violated. He states that he was not provided water as required by prison policy for brief periods. To conclude that his Eighth Amendment rights were violated, the

Court would have to speculate regarding how long he went without water and whether he suffered any actual physical injury as a result. *Twombly*, 550 U.S. at 555 (The complaint allegations "must be enough to raise a right to relief above the speculative level.").

The Court also notes that the plaintiff names the Putnamville Correctional Facility as a defendant. But the prison is not a "person" subject to suit under 42 U.S.C. § 1983.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### III. Further Proceedings

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through July 16, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

Any amended complaint should have the proper case number, 2:18-cv-269-WTL-MJD and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Date: 6/18/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JERRY DONALD SHAKE
179271
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135